SCHWARTZ, Chief Judge.
Rizzieri and Gatto appeal from orders holding them in contempt of the 1983 Spring Term Dade County Grand Jury for failing, after being immunized, to respond to its questions, and committing them to jail until they agreed to do so or the term of the Grand Jury expired. The sole basis for the refusal was the claim — as to which they requested an evidentiary hearing which was denied — that the source of the questions was an unlawful wiretap. We affirm on the ground that the objection was waived by the appellants’ failure timely to assert it prior to their appearance before the Grand Jury on October 7, 1983.
On September 30, 1983, when the appellants were originally subpoenaed before the Jury, they retained counsel who secured a one week postponement of their appearance. After being informed, pursuant to Sec. 934.09(7)(e), Fla.Stat. (1981), that their telephone conversations had in fact been intercepted, their attorneys were, on that date, furnished with copies of the application affidavits and orders of authorization for the wiretaps in question. Nevertheless, no motion to suppress or objection to any potential questions based on tap-secured information was filed during that intervening week. It is apparent that the appellants thus did not comply with the requirements of Sec. 934.09(9)(a), Fla.Stat. (1981), which, under In re Grand Jury Investigation (Cobo), 287 So.2d 43 (Fla.1973), admittedly forms the sole basis of a grand jury witness’s right even to challenge the propriety of the tap.[1] That provision states that any such motion to suppress
shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion, [e.s.]
Affirmed.

. The basis of our decision makes it unnecessary to consider whether the recent amendment to Article 1, Sec. 12 of our Constitution has, in effect, overruled the Cobo case by requiring Florida to follow the contrary decision of the United States Supreme Court in United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).