PER CURIAM.
Miller appeals the trial court’s order holding him in contempt of court for refusing to testify pursuant to an investigative subpoena received from the State. Miller argues that the subpoena was based in part on an illegal wiretap under chapter 934, Florida Statutes (1991), and, therefore, he should be allowed to litigate his illegal wiretap claim prior to answering questions. We agree with Miller and reverse the trial court’s contempt order.
Section 934.06 prohibits the use of any information obtained from wire or oral communications as evidence if the use of such information violates chapter 934. Thus, if the State’s wiretap violated chapter 934, then the State may not ask Miller any questions which arose from information obtained in the illegal wiretap.
Section 934.09(8) states:
The contents of any intercepted wire, oral, or electronic communication or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding unless each party, not less than 10 days before the trial, hearing, or proceeding, has been furnished with a copy of the court order and accompanying application under which the interception was authorized or approved. This 10-day period may be waived by the judge if he finds that it was not possible to furnish *11 the party with the above information 10 days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information.
Thus, before the contents of a wiretap or evidence derived therefrom can be disclosed, each party is to receive a copy of the court order and accompanying application under which the wire interception was authorized or approved, not less than 10 days before proceeding. Section 934.-09(9)(a) provides that an aggrieved person[1] may move to suppress the contents of any intercepted wire communication prior to any trial, hearing, or proceeding, provided the motion to suppress was made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion. We conclude, therefore, that since the Legislature requires the party to move to suppress prior to the proceeding, that the Legislature intended for persons subject to a wire intercept order to be able to litigate their motion to suppress before having to answer questions pursuant to an investigative subpoena received from the State, provided the motion to suppress was timely filed.
The State contends Article I, Section 12 of the Florida Constitution and United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), requires Miller to answer the State’s questions without a determination as to the legality of the wiretap. Article I, Section 12 requires Florida courts to interpret the State’s search and seizure provision in accordance with the United States Supreme Court’s interpretation of the Fourth Amendment. In Calan-dra, the Supreme Court held the Fourth Amendment did not allow a witness summoned before a grand jury to refuse to answer questions on the grounds that the questions were based on an illegal search and seizure.
The Florida Supreme Court had reached a different conclusion in In re Grand Jury Investigation (Cobo), 287 So.2d 43 (Fla. 1973). Cobo held that a person subject to a wiretap intercept order was an aggrieved party under chapter 934, and that person had the right to litigate his or her motion to suppress evidence prior to answering questions pursuant to a grand jury’s subpoena. However, Cobo involved an interpretation of chapter 934, not an interpretation of Florida or United States constitutional law. Likewise, the instant case also involves an interpretation of chapter 934, not an interpretation of Florida or United States constitutional law.
In the instant case, we are unable to determine from the record whether Miller received the ten day notice required under section 934.09(8), nor whether Miller timely filed his motion to suppress. The failure to timely file a motion to suppress waives any objection to the illegal wiretap. See Rizzieri v. State, 443 So.2d 310 (Fla. 3d DCA 1983). Therefore, we reverse the trial court’s contempt order and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
GUNTHER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
STONE, J., dissents with opinion.

. Miller is clearly an aggrieved person under the supreme court’s holding in In re Grand Jury Investigation (Cobo), 287 So.2d 43 (Fla.1973).